**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:17-CV-00143-JHM**

**BRUCE CUMMINGS**                                                                               **PLAINTIFF**

**VS.**

**TYSON CHICKEN, INC.**                                                                         **DEFENDANT**

**MEMORANDUM OPINION**
**AND ORDER**

BACKGROUND

Plaintiff Bruce Cummings has moved to amend his complaint (DN 26).  Defendant, Tyson
Chicken, Inc. opposes the motion for several reasons (DN 30).  Cummings time for filing a reply
has expired.  This matter is ripe for determination.

NATURE OF THE CASE

On October 4, 2017, Cummings filed the original complaint in the Henderson Circuit Court
(DN 1-2 PageID # 9-13).  It sets forth a single claim of employment discrimination on the basis of
age in violation of KRS 344.040 and the Kentucky Civil Rights Act (Id.).  The complaint indicates
Tyson hired Cummings as a deboning supervisor at its poultry production facility in Robards,
Kentucky, in December 2008 (Id.).  Count I alleges in the four years that followed Cummings,
who is over forty years of age, applied for 13 higher positions but each time Tyson gave the
position to younger less qualified candidate (Id.).  Tyson removed the case to this Court on October
30, 2017 (DN 1).

Following a planning meeting, pursuant to Fed. R. Civ. P. 26(f), the parties submitted a joint discovery plan on December 14, 2017 (DN 12). After conducting a scheduling conference with counsel on December 21, 2017, the undersigned issued the original scheduling order (DN 16). Included therein is a March 30, 2018 deadline for all motions to amend the pleadings (DN 16). While subsequent orders amended certain deadlines within the original scheduling order, the March 30, 2018 deadline never changed (DN 22, 24, 25).

More than eight months after the March 30, 2018 deadline expired, Cummings moved to amend his complaint to include a retaliation claim (DN 26; DN 26-1 PageID # 114-115). Count II in the proposed amended complaint alleges that Cummings was retaliated against due to his filing this lawsuit against Tyson; for reporting a supervisor to upper-level management; and for the testimony that he gave and names he testified to during his deposition (DN 26-1 PageID # 114-115). Count II also asserts that Cummings, as an employee for Tyson, participated in protected activity when he reported a supervisor to Tyson's upper-level management and rightfully filed a lawsuit against Tyson (Id.).

ARGUMENTS OF THE PARTIES

Cummings claims that the retaliation claim arises out of information elicited during the recent depositions of four Tyson witnesses (DN 26 PageID # 108). Cummings alleges that multiple statements were made during the depositions that can be used as support for his retaliation claim (Id.). For example, Ramon Guzman-Melendez testified that his supervisor, Michael Tilly, instructed him to write Cummings a negative performance evaluation that Guzman-Melendez did not believe Cummings deserved (Id.). Cummings explains that his testimony shows the negative performance evaluation came after Cummings reported Tilly to upper management (Id.).

Additionally, Cummings makes a general assertion that has been treated unfairly regarding vacation time requests since filing this action against Tyson (Id.).

Tyson argues the motion should be denied as futile because because the retaliation claim is time-barred by the Kentucky Civil Rights Act's five-year statute of limitations (DN 30 PageID # 131-32). Tyson asserts that Count II is based on a 2012 performance evaluation that Cummings' own deposition testimony indicates he believed was retaliatory at that time (Id. citing Exhibit A Cummings Deposition Transcript p. 134-137). Tyson contends that relation back under Fed. R. Civ. P. 15(c) does not save Count II (Id.). Alternatively, Tyson asserts that the 2012 performance evaluation is not an adverse employment action as a matter of law (Id. PageID # 132-33). Further, Tyson asserts that Count II fails to meet the Iqbal/Twombly standard because the proposed amendment offers conclusory allegations without any supporting facts (Id. PageID # 134-35). Tyson also points out that Cummings filed his motion several months after the March 30, 2018 deadline in the scheduling order and he has not attempted to satisfy the "good cause" requirement under Fed. R. Civ. P. 16(b) (Id. PageID # 135-37). Additionally, Tyson generally asserts that it will be prejudiced if Cummings is allowed to amend his complaint (Id. PageID # 138-39).

DISCUSSION

The law in the Sixth Circuit is well settled. Once the scheduling order's deadline passes, a party "must first show good cause under Rule 16(b) for failure to earlier seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *See* Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003); Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002); McLean v. Alere, Inc., No. 3:12-CV-566-DJH, 2015 WL 1638341, at *1 (W.D. Ky. April 13, 2015). The Sixth Circuit has indicated "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."

Inge, 281 F.3d at 625 (citation and internal quotations omitted); *see also*, Leary, 349 F.3d at 906 (A court "may modify a scheduling order for good cause only if a deadline cannot reasonably be met despite the diligence of the party seeking the extension."). Stated differently, a party must show that despite their diligence the deadline in the scheduling order could not have reasonably been met. Woodcock v. Kentucky Dept. of Corr., No. 5:12-CV-00135-GNS-LLK, 2016 WL 3676768, at *2 (W.D. Ky. July 6, 2016); Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995). "Another relevant consideration is possible prejudice to the party opposing the modification." Inge, 281 F.3d at 625 (citation omitted).

The Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 479 (6th Cir. 2014). Thus, the movant who fails to show "good cause" will not be accorded relief under Rule 16(b)(4) merely because the opposing party will not suffer substantial prejudice as a result of the modification of the scheduling order. Interstate Packaging Co. v. Century Indemnity Co., 291 F.R.D. 139, 145 (M.D. Tenn. 2013) (citing Leary, 349 F.3d at 906, 909; Korn v. Paul Revere Life Ins. Co., 382 F. App'x 443, 449 (6th Cir. 2010)).

Cummings filed his motion more than eight months after the March 30, 2018 deadline in the scheduling order. Yet his motion is silent on this issue (DN 26). Moreover, after Tyson raised the issue in its opposition to the motion, Cummings remained silent. He did not file a reply memorandum acknowledging the issue existed and making an argument that despite his diligence the deadline in the scheduling order could not have reasonably been met. Further, Tyson rebutted the motion's general assertion of recently acquired information by citing excerpts from Cummings own deposition testimony showing he knew about the purported retaliation before he filed the

4

original complaint on October 4, 2017 (DN 30-1, Exhibit A Cummings Deposition Transcript at pages 134-38). Assuming, *arguendo*, that the four Tyson witnesses deposed on October 24, 2018 provided information supporting the retaliation claim. Cummings has not explained why it took him 50 days to file his motion. Since Cummings has failed to satisfy the "good cause" standard in Rule 16(b)(4), the undersigned will not consider whether the proposed amendment is proper under Rule 15(a).

ORDER

**IT IS HEREBY ORDERED** that Cummings motion to amend his complaint (DN 26) is **DENIED**.

Copies: Counsel